**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DISTRICT**

| | |
|---|---|
| CHASITY KING, individually and as next friend of J.K.<br>Plaintiff,<br>v.<br>VEORIDE, INC.,<br>Defendant. | CIVIL ACTION FILE NO.:<br>1:25-cv-05795-MHC |

# DEFENDANT VEORIDE, INC.'S REPLY IN SUPPORT OF SUMMARY JUDGMENT

COMES NOW, Defendant Veoride, Inc. ("Veoride"), by and through undersigned counsel, and hereby files this reply brief in support of its Motion for Summary Judgment, showing the Court the following:

## INTRODUCTION

Veoride's Motion is not trudging any new legal grounds here. This very Court has previously held in *Robinson v. Bird Rides, Inc*. that a micromobility company like Veoride owes no duty of care to third parties injured by its devices. That alone ends Plaintiff's negligence claim. Even if the Court were inclined to take the unnecessary step of examining proximate cause, that question is easily answered by the decades of Georgia case law holding that a vehicle owner's alleged negligence leading to theft of a vehicle is not the proximate cause of injuries incurred subsequently thereby. Plaintiff tries to get around these insurmountable barriers by spinning a tall tale about Veoride's monitoring of "depowered" scooters that, ultimately, does not matter and is belied by the record to boot. Plaintiff's efforts in

this regard are nothing more than an attempt to distract from the fact that Georgia law has already decided against Plaintiff on every element of her claim. The undisputed facts, and well-established law, warrant judgment in Veoride's favor.

## ARGUMENT

### I. VEORIDE DID NOT OWE EDD A DUTY OF CARE

As set forth in Veoride's initial brief, this Court has already answered whether Veoride owed J.K. a duty of care: no. This case is no different from *Robinson v. Bird Rides, Inc.*, where the court dismissed the plaintiff's negligence claims outright because the e-scooter company "did not owe Plaintiff a duty of care." 2020 WL 2129241, at *2 (N.D. Ga. May 5, 2020). Similarly, Veoride did not owe a duty of care to J.K., who was a complete stranger to Veoride.

Notwithstanding *Robinson*'s clear instruction, Plaintiff attempts to manufacture a duty of care through two theories. First, Plaintiff claims Veoride assumed a duty of care to J.K. through a common law duty to perform undertakings non-negligently. (Doc. 24, p. 13). Second, Plaintiff argues that Veoride's duty to J.K. arose by statute based on Veoride's alleged violation of city ordinances. (*Id.* at pp. 15-16). Effectively, Plaintiff argues that Veoride acted negligently which *ipso facto* establishes a duty of care owed to J.K. Plaintiff cannot circumvent the threshold question of duty by assuming one exists. Regardless, as set forth below, Plaintiff's voluntary undertaking and negligence *per se* arguments fail as a matter of law.

#### A. Veoride did not assume a duty to J.K. in its permit application.

Plaintiff appears to argue that Veoride assumed an unidentified duty to unidentified persons "through its common law duty to perform undertakings non-

negligently." (Doc. 24, p. 13). In support, Plaintiff selectively quotes the Georgia Supreme Court's discussion of the voluntary undertakings doctrine in *Georgia CVS Pharmacy, LLC v. Carmichael*, which examined whether a security contractor owed a duty of care to third parties. 316 Ga. 718, 740 (2023). Notably, Plaintiff fails to quote the full text of that doctrine, which reveals its obvious inapplicability. As set forth in Section 32A of the Restatement (Second) of Torts, this doctrine provides:

> One who undertakes, gratuitously or for consideration, to render services to another **which he should recognize as necessary for the protection of a third person** or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

*Carmichael*, 316 Ga. at 741 (emphasis added). Thus, for this doctrine to apply, Plaintiff must show that Veoride undertook to provide services that Veoride recognized were necessary for the protection of persons like J.K., who took Veoride's scooter without its knowledge or permission. Plaintiff would further have to show that Veoride's undertaking, performed negligently, met (a), (b), or (c) above.

Plaintiff tries to cobble together a voluntary undertaking theory by cherry picking various statements from Veoride's permit application, along with certain municipal regulations, to argue that Veoride agreed to provide unnamed "services to the City of Atlanta, including to monitor and maintain its scooters." (Doc. 24, p. 15). Pretermitting whether this assertion is correct, Plaintiff fails to prove, let alone explain, how these alleged monitoring and maintenance activities were necessary for

the protection of third parties like J.K. Plaintiff certainly tries to hit the necessary buzzwords, arguing that Veoride "committed to certain safety programs" because it agreed to abide by city regulations, which included a requirement that inoperable devices be removed from service. But Plaintiff fails to explain how an agreement to abide by city regulations—which is different from the affirmative provision of services—is "necessary" for J.K.'s protection or how Veoride should have been on the lookout for the same. It is easy to see how the provision of security services, which was the voluntary undertaking at issue in *Carmichael*, is necessary for the protection of third parties, but an agreement to abide by city regulations is a far cry from providing security.

To be sure, Plaintiff has failed to establish one of the other necessary prongs of her voluntary undertaking theory: that Veoride's alleged "monitoring and maintenance" services increased the risk of harm to J.K..[1] Nor can she, when Plaintiff's entire "depowered" scooter theory is belied by the undisputed evidence in this case. Plaintiff appears to contend that Veoride violated some unidentified duty by allowing the subject scooter to lose power and become disconnected from Veoride's tracking system. But Edd's testimony reveals that the scooter did have power and only became disconnected due to vandalism. Edd testified that, when he approached the scooter that day, he saw the "little QR code thing" on the scooter was "burnt" "all the way down to where the wires were", indicating the scooter had been vandalized. (Doc. 13-6; p. 38:5-14). Further, Edd testified that, when they first

[1] While Plaintiff does not articulate how Veoride's alleged negligence increased the risk of harm to Plaintiff under prong (a) of the voluntary undertaking doctrine quoted above, Plaintiff does not even mention prongs (b) or (c) as potential theories here.

moved the scooter, its alarm began beeping and the scooter's front light started blinking. (*Id.* at p. 50:2-16). He also testified that they encountered extreme resistance when first moving the scooter, "like the wheel wanted to lock up." (*Id.*). The scooter would not provide resistance, could not sound an alarm, or have its lights turn on if it did not have battery power. (Kao Dep., Doc. 13-3; p. 88:14-16). Plaintiff's theory—that Veoride undertook a duty to monitor scooters to ensure they did not "depower" and presumably that Veoride somehow breached this duty—is entirely irrelevant in view of this evidence that the scooter did, in fact, have power. Plaintiff's voluntary undertaking theory is irrelevant for a whole host of other reasons, but for the instant purposes, the fact that this theory is contradicted by Edd's testimony is enough.[2]

**B. Veoride owed no statutory duty of care.**

Plaintiff also argues that Georgia statutory law imposed a duty of care based on a misapplication of the negligence *per se* doctrine. Specifically, Plaintiff claims that Veoride violated a city regulation that "any device determined to be inoperable for any reason, including low battery" must be taken out of service and "removed from the public right of way as soon as possible"aAnd that this violation constitutes negligence *per se.* (*See* Administrative Regulations for Shareable Dockless Mobility Device ("SDMD") 2020 Annual Permit Holders, Doc. 24-9, p. 4). Plaintiff broadly

[2] To the extent Plaintiff will rely on Dr. Burns' affidavit as proof that Edd has cognitive difficulties which renders his testimony of "questionable value", Dr. Burns' opinions appear to relate to Edd's subjective understanding of certain concepts (e.g. that the scooter required payment, riding it downhill was dangerous, or he should have stopped at the intersection). Doc. 24-5. There is no evidence that Edd lacked the ability to recall objective facts, such as the scooter offering resistance, emitting a sound, and flashing lights. J.K. has no recollection of the events that day. (See Doc. 13-7, p. 17:14-18:24).

proclaims that Veoride violated this ordinance without proving the same. Again, the record evidence in this case is that the scooter did have battery power at the time of the incident, so there is no evidence that this regulation was violated. There is also no evidence that Veoride determined this specific scooter was "inoperable" and thus needed to be removed.

Even if Plaintiff could establish a violation of this regulation, a municipal regulatory requirement does not create a tort duty absent legislative intent to protect the plaintiff from the type of harm alleged. Therefore, Plaintiff must still show that J.K. "fall[s] within the class of persons the statute was intended to protect and (2) show the harm complained of was the harm the statute was intended to guard against. *Eastside Recovery, LLC v. Calhoun*, 368 Ga. App. 385, 388 (2023) (cleaned up). Plaintiff offers no reasons why J.K. falls within the class of protected persons beyond the fact that he was "vulnerable.". Nor does Plaintiff explain how or why J.K.'s injuries were the type this regulation intended to guard against. Nothing in the SDMD regulations even remotely suggests that the rules were designed to protect individuals from their own reckless behavior in stealing a scooter and riding it into oncoming traffic. In fact, the municipal ordinance which preceded the SDMD regulations states that the City's goal in enacting the regulations was to "ensure the public right of way remains obstruction free." (*See* Ord. No. 2019-01 (18-O-1322), a true and correct copy of which is attached hereto as Exhibit A, p. 1).. The anticipated harm the regulation was designed to guard against was impeded foot traffic, not self-inflicted injuries. Accordingly, Plaintiff cannot avail himself of a negligence *per se* theory to create a duty of care.

## II. PLAINTIFF CANNOT ESTABLISH PROXIMATE CAUSE

Even assuming Plaintiff can get past the threshold question of whether Veoride owed a duty to J.K., Georgia courts have already decided that any alleged negligence by Veoride is not the proximate cause of J.K.'s injuries as a matter of law. *See Long, infra*. Undeterred, Plaintiff contends that the issue of proximate cause here presents a question of fact "where the purported nuisance would not have existed but for Veoride's entry into the market and willful violations of its safety duties." (Doc. 24, p. 18). Plaintiff appears to be confusing but for causation with proximate cause. While Plaintiff must certainly establish that Veoride's negligence was a "but for" cause of his injuries, shemust go one step further and prove said negligence was also the proximate cause of his injuries. *Ferguson v. Bowers*, 371 Ga. App. 314, 319 (2024) ("Jury questions on proximate cause do not exist simply because it may be 'possible' to connect a defendant's negligence to an otherwise unforeseen outcome, and to do so stretches the concept of proximate cause beyond its legal limits.").

Even then, Plaintiff has not carried her initial burden of proving Veoride's alleged negligence was a but-for cause of the accident. Plaintiff appears to claim that, but for Veoride's alleged failure to prevent this scooter from losing battery power, this accident would not have occurred. Yet Edd's testimony reveals that the scooter did have battery power, and the accident still occurred. A defendant's conduct is not a cause of the event if the event still would have occurred without it. *Yearty v. Scott Holder Enters., Inc.*, 349 Ga. App. 718, 721 (2019). Even so, Edd andJ.K.'s intervening theft and unlawful use of the scooter breaks any potential chain of causation. *Johnson v. Avis Rent A Car System, LLC*, 311 Ga. 588, 592 (2021).

Additionally, Plaintiff never even attempts to establish proximate cause here, instead lazily concluding, without any evidentiary or legal support, that it was "reasonably foreseeable" Veoride's alleged failure to adequately monitor and maintain its scooters "could result in harm to the motoring public." (Doc. 24, p. 20). Plaintiff cites no history of prior accidents or any other scintilla of evidence to support her claim that it was reasonably foreseeable that J.K. would steal the scooter and drive it headfirst into an oncoming truck. Nor can she, as Veoride's discovery responses unequivocally show it had no prior accidents similar to this one. (Doc. 13-2, p. 11). *See Johnson, supra* (aff'g finding of no proximate cause where there was no evidence defendants could have reasonably foreseen vehicle thief would lead police on high-speed chase).

Plaintiff futilely attempts to distinguish this case from the catalogue of Georgia cases holding that a vehicle owner is not liable for injuries following the theft of his vehicle by reducing those cases to a "solitary moment of negligence such as leaving keys unattended in their vehicle." (Doc. 24, p. 18). This argument misses the mark. The import of those decisions is that Georgia courts have held, as a matter of law (and likely public policy), that any negligence leading to the theft of the vehicle is too remote to constitute the proximate cause of injuries caused by the thief's operation of the vehicle. *Long v. Hall County Bd. of Commrs*., 219 Ga. App. 853, 856 (1996) (abrogated on other grounds); *Dunham v. Wade*, 172 Ga. App. 391, 392 (1984); *J.C. Lewis Motor Co. v. Giles*, 194 Ga. App. 472, 472 (1990) (negligence leading to theft of vehicle was insufficient to authorize recovery despite evidence of previously stolen vehicles).

Plaintiff's belated attempt to distinguish *Robinson* is likewise unpersuasive. Plaintiff argues that Robinson is not controlling because there were no allegations or evidence that the scooter company undertook a duty to install warning lights on its devices. Once again, Plaintiff's argument misses the mark. First, whether the scooter company agreed to install warning lights has nothing to do with whether its failure to do so proximately caused the plaintiff's injuries.

Second, *Robinson* is directly on point here based on the plaintiff's other negligence allegations that Plaintiff neglected to include. Specifically, in *Robinson*, the plaintiff alleged that the scooter company should have foreseen that users would leave scooters in the roadway and that the scooter company breached its duty of care by failing to prevent such a danger and by failing to prevent minors from handling the scooters. 2020 WL 2129241, at *2. Plaintiff makes largely the same allegations here—Veoride should have foreseen that persons such as J.K. and Edd would steal a scooter and recklessly drive it, eschewing hand brakes and stop signs, and get into an accident. But as the *Robinson* court noted, "mere foreseeability of danger does not give rise to a duty, particularly over someone with whom an entity has little or no control." *Id.* Plaintiff's assertion that it was "reasonably foreseeable" that Veoride's alleged failure to "adequately monitor and maintain their scooters *could* result in harm to the motoring public" does not even rise to the "mere foreseeability" threshold that *Robinson* found insufficient. (Doc. 24, p. 20) (emphasis added). As the Georgia Supreme Court has held, evidence an injury is "merely possible" falls woefully short of the proximate cause standard, which requires a showing that the subject injury was a "probable and natural consequence" of the alleged negligence.

*Johnson*, 311 Ga. at 595-597 (testimony that high-speed chase "could" result from failure to secure rental lot was insufficient to establish proximate cause).

As Plaintiff herself notes, whether proximate cause exists requires "an evaluation of whether the facts measure up to the legal standard set by precedent." (Doc. 24, p. 18) (*citing Johnson*, 311 Ga. at 593). Here, the legal standard set by decades of Georgia precedent firmly establishes that Veoride's alleged failure to prevent J.K and Edd's theft and negligent operation of the scooter is not and cannot be the proximate cause of J.K.'s injuries. *Long, supra; Dunham, supra; Giles, supra; Price v. Big Creek of Georgia, Inc.*, 191 Ga. App. 534 (1989).

## III. PLAINTIFF CANNOT ESTABLISH A NUISANCE ACTION

As outlined in Veoride's opening brief, a public nuisance is one that injures *all* who come into contact with it. O.C.G.A. § 41-1-2; *City of Douglasville v. Queen*, 270 Ga. 770, 774 (1999). Because of this, evidence that others have encountered the alleged nuisance without incident "erase[s] [the] public nuisance cause of action." *Id.* Here, there is no allegation or evidence that the subject scooter harmed all who encountered it. In fact, the evidence shows that the subject scooter was successfully used by at least 7 others without incident. (Doc. 13-4, ¶ 7). Further, the evidence shows that Veoride scooters in general did not injure anyone, much less "all" who rode one or otherwise encountered it. (*Id.* at ¶¶ 4-5). This undisputed evidence "erases" Plaintiff's nuisance claim.

Rather than contend with the facts and law at hand, Plaintiff attempts to muddy the nuisance waters by misapplying *Town of Fort Oglethorpe v. Phillips*, *City of Eatonton v. Few*, *Mayor & Alderman of Savannah v. Herrera*, and *Whiddon v.*

*O'Neal*, which discuss and apply the standard for holding *city governments* liable for creating nuisances through their role as municipalities. Unlike a nuisance action against a private party, an action against a municipality does not require ubiquity of injury. *See Few v. City of Eatonton*, 179 Ga. App. 110, 110 (1986) (discussing elements generally). Given Veoride is not a municipality, Plaintiff's reliance on *Phillips*, *Few*, *Herrera*, and *Whiddon* is misplaced.

Plaintiff next argues that she does not have to show that Veoride scooters actually hurt or injured every person in a particular area and that it is sufficient if the scooter "affect[ed] common rights within the area." (Doc. 24, p. 21). Yet Plaintiff fails to identify what "common right" was affected by the presence of Veoride scooters. *See Cox v. De Jarnette*, 104 Ga. App. 664, 677 (1961) (negligently constructed landing and stairs of local church did not constitute nuisance because public does not have a common right to enjoy the property of a private church); *compare with City of College Park*, 293 Ga. App. at 209–10 (benefits of the municipality's fire and police protection, and other emergency services constituted a common right the deprivation of which could be a nuisance). Just as in *Cox*, Veoride's scooters are not a common right for all the public to enjoy, nor did the presence of Veoride's scooters inhibit the public's enjoyment of a common right, as discussed in *City of College Park*. Accordingly, because Plaintiff cannot establish *any* element of a public nuisance against Veoride, that cause of action fails.

In a last-ditch effort to save her nuisance claim, Plaintiff likens Veoride's scooters to the "prototypical attractive nuisance," once again hoping that buzzwords will triumph over merits. The attractive nuisance doctrine has no applicability here.

"Under the attractive nuisance doctrine, a landowner may be liable for physical harm to trespassing children caused by an artificial condition *upon its land* if certain conditions are met." *Craig v. Bailey Bros. Realty*, 304 Ga. App. 794, 800 (2010), *disapproved of on other grounds by Phillips v. Harmon*, 297 Ga. 386(2015) (emphasis added). Plaintiff has not alleged a premises liability claim or an attractive nuisance claim. Nor has she alleged that Veoride maintained an artificial condition *on its land*. Plaintiff's invocation of this doctrine is nothing more than a red herring designed to distract the Court from the legal deficiencies of her claims.[3] Put simply, calling the scooters an attractive nuisance does not make them a legal nuisance under Georgia law. As Plaintiff can point to no evidence that the subject scooter, or Veoride scooters in general, adversely impacted all who encountered them, her nuisance claim fails as a matter of law. *City of Douglasville, supra*.

## IV. PLAINTIFF'S CLAIMS REST ON PURE SPECULATION AND MISSTATEMENTS OF THE RECORD

Finally, Plaintiff's response raises speculative theories and numerous mischaracterizations of undisputed fact that require correction. A party may not establish any element of their claims through speculative or unreasonable inferences. *Poer v. Jefferson Cnty. Comm'n*, 100 F.4th 1325, 1335 (11th Cir. 2024); *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a genuine issue of fact; instead, it creates a false issue…."). Likewise, in the summary judgment context, speculation cannot be used to create or support a genuine issue of

[3] Further, Plaintiff has not even attempted to satisfy the five conditions necessary to establish an "attractive nuisance." *See generally Gregory v. Johnson*, 249 Ga. 151, 154 (1982) (setting forth five elements of attractive nuisance claim).

material fact because speculation is not evidence. *Ameristeel Corp. v. Emps. Mut. Cas. Co.*, 2005 WL 1785283, at *5 (M.D. Ga. July 26, 2005) (holding "speculation is not evidence" and "speculation cannot substitute for proof") (citations omitted).

**A. The scooter was not "depowered."**

Throughout her response, Plaintiff alleges that the scooter J.K. used, without permission or payment, was "depowered," and this allegation forms the basis of her liability theory. (*See* Doc. 24, p. 10).[4] Plaintiff points to no evidence that the scooter was "depowered." Instead, Plaintiff merely speculates that it was "depowered" given J.K. and Edd were eventually able to ride it down the hill, which is not surprising given that J.K.'s and Edd's weight, combined with downhill velocity, would be sufficient to overcome the wheel's resistance. (See Doc. 13-3, p. 24:7-19). Regardless, as set forth above, the undisputed evidence shows that the scooter did have battery power when J.K. and Edd first took it for a joyride. (Doc. 13-6, pp. 50:2-16; 51:5-9; 78:2-10).

Plaintiff also recklessly suggests that Veoride generally let its scooters "depower frequently enough that it lost more than 5% of its inventory each month." (Doc. 24, p. 15). In addition to being irrelevant, this assertion is a blatant mischaracterization of Veoride's actual testimony. Veoride's corporate representative

[4] "Had Veoride followed the safety programs it outlined in its application, the scooter could not have depowered, Veoride would not have lost track of it, and its wheels would not have rolled freely. If the wheels were locked as they should have been, neither Christopher nor J.K. would have been injured on June 29, 2021." Plaintiff's theory jumps through no less than 4 hoops just to bring us to the starting point of events that day, which is prima facie proof of its speculative nature. Furthermore, the wheels were never intended to be "locked" to the extent that implies no movement. In a "locked" state, the scooter's wheels could not move without extreme resistance. (Doc. 24-3, p. 22).

testified that scooters could go "offline" and become disconnected from Veoride's network for multiple reasons: (1) no battery power; (2) vandalism or damage; (3) malfunctioning parts; or (4) lack of cell phone service. (Doc. 13-3, p. 41:18-42:13). Similarly, he testified that 5% of Veoride scooters went offline each month, not that 5% of scooters depowered each month. (*Id.* at p. 47:11-20). Further, vandalism was the most common reason why a scooter went offline, not loss of power. (*Id.* at p. 33:16-21). Plaintiff's efforts to portray depowered scooters as some sort of epidemic thus falls flat.

**B. Veoride is entitled to rely on Plaintiff's testimony, or in the alternative, Plaintiff's claims must be dismissed.**

Curiously, Plaintiff's response attempts to cast doubt on Edd's testimony by pointing to his cognitive difficulties and suggesting that they render his testimony "of questionable value." , (Doc. 24, p. 2, n.1). Predictably, Plaintiff only takes this position in response to testimony is adverse to her theory. (Doc 24-2, pp. 6-19). Plaintiff does not question those portions of Edd's testimony that Plaintiff relies on. (Doc. 24-2, p. 8).

Veoride is entitled to rely on Edd's sworn testimony without qualification. O.C.G.A. §§ 9-11-30(c)(1)–(e); Fed. R. Civ. P. 30(b)-(e). But if, as Plaintiff appears to contend, Edd's testimony about what happened that day is to be disregarded, then Plaintiff's claims fail for lack of evidence, as Edd's deposition testimony forms the basis of her claims against Veoride.[5] Plaintiff cannot cherry pick which evidence is to be believed. Either Edd's testimony is to be believed, which wholly disproves

[5] As set forth supra, J.K. has no recollection of events that day.

Plaintiff's theory that the scooter was "depowered," or all of Edd's testimony is to be disregarded, in which case Plaintiff has no evidence at all. Under either scenario, Plaintiff's claims fail for lack of evidence, and Veoride is entitled to judgment in its favor as a matter of law.

## CONCLUSION

The undisputed facts and well-established law require judgment in Veoride's favor. As established in *Robinson*, Veoride owed no duty of care to J.K., and Georgia courts have made it clear that any alleged negligence in "monitoring" the scooter is far too remote to be the proximate cause of J.K.'s injuries. The undisputed evidence shows that Veoride's scooters do not constitute a public nuisance because thousands have used the scooters without incident. Moreover, Plaintiff has failed to show that the alleged nuisance was the proximate cause of J.K.'s injuries. Plaintiff's claims thus fail as a matter of law, and Veoride is entitled to summary judgment accordingly.

Respectfully submitted this 26th day of February, 2026.

**FIELDS HOWELL LLP**
665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 (Telephone)
404.214.1251 (Fax)
gmast@fieldshowell.com
twalker@fieldshowell.com
wkeegan@fieldshowell.com

*/s/ Tyler Bryant Walker*
Gregory L. Mast
Georgia Bar No. 476191
Tyler Bryant Walker
Georgia Bar No. 250477
William J. Keegan
Georgia Bar No. 278159
*Counsel for Defendant VeoRide, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DISTRICT**

| | |
|---|---|
| CHASITY KING, individually and as next friend of J.K.<br>Plaintiff,<br>v.<br>VEORIDE, INC.,<br>Defendant. | CIVIL ACTION FILE NO.:<br>1:25-cv-05795-MHC |

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that the foregoing document has been prepared with a font and point selection (Times New Roman, 14 point) that is approved by the Court as indicated in Local Rule 5.1(C) and 7.1(D).

Respectfully submitted this 26th day of February, 2026.

**FIELDS HOWELL LLP**
665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 (Telephone)
404.214.1251 (Fax)
gmast@fieldshowell.com
twalker@fieldshowell.com
wkeegan@fieldshowell.com

*/s/ Tyler Bryant Walker*
Gregory L. Mast
Georgia Bar No. 476191
Tyler Bryant Walker
Georgia Bar No. 250477
William J. Keegan
Georgia Bar No. 278159
*Counsel for Defendant VeoRide, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DISTRICT**

| | |
|---|---|
| CHASITY KING, individually and as next friend of J.K.<br>Plaintiff,<br>v.<br>VEORIDE, INC.,<br>Defendant. | CIVIL ACTION FILE NO.:<br>1:25-cv-05795-MHC |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed **VEORIDE, INC.'S BRIEF IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT** with Clerk of Court using the electronic filing system, which will automatically send notification of such filing to all parties and counsel of record.

Respectfully submitted this 26th day of February, 2026

**FIELDS HOWELL LLP**
665 8th Street NW
Atlanta, Georgia 30318
404.214.1250 (Telephone)
404.214.1251 (Fax)
gmast@fieldshowell.com
twalker@fieldshowell.com
wkeegan@fieldshowell.com

*/s/ Tyler Bryant Walker*
Gregory L. Mast
Georgia Bar No. 476191
Tyler Bryant Walker
Georgia Bar No. 250477
William J. Keegan
Georgia Bar No. 278159
*Counsel for Defendant VeoRide, Inc.*